

**ORDERED in the Southern District of Florida on August 25, 2015.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 13-14289-RAM |
| | CHAPTER 11 |
| THE FORT LAUDERDALE BRIDGE CLUB, INC., | |
| Debtor. | |

### ORDER GRANTING MOTION TO CONSOLIDATE APPEALS

Before the Court is Thomas L. Abrams' ("Abrams") Motion to Consolidate Samuel D. Rosen's Appeal Dated August 4, 2015 with Previously Filed Appeal Dated June 24, 2015 (the "Motion to Consolidate Appeals") [DE# 1408]. The Motion to Consolidate Appeals seeks to consolidate two appeals filed by Samuel D.

Rosen ("Rosen") which are appealing related Orders entered in this case.

The first appeal ("First Appeal"), initiated by a Notice of Appeal filed on June 24, 2015 [DE# 1355], is an appeal of two orders: the Order Granting Thomas L. Abrams' Emergency Motion to Enforce Second Amended Plan and Order Confirming Second Amended Plan and Release, Exculpation, Injunction and Discharge Provisions Therein (the "Order Enforcing Plan") [DE# 1350], and the Order Granting Thomas L. Abrams' Emergency Motion to Enforce Settlement Agreement Pursuant to Paragraph 17 as to Samuel D. Rosen and for Recovery of Attorney's Fees and Costs (the "Order Enforcing Settlement") [DE# 1351]. The First Appeal has been assigned to Chief District Judge Moore, Case No. 15-CIV-22380-KMM.

On July 24, 2015, the Court entered its Order Granting Fees, Overruling Opposition and Determining that Evidentiary Hearing is not Necessary (the "Fee Order") [DE# 1371]. Rosen appealed the Fee Order by Notice of Appeal filed on August 4, 2015 (the "Second Appeal") [DE3 1385]. The Second Appeal has been assigned to District Judge Marcia G. Cooke, Case No. 15-CIV-22935-MGC.

Local Rule 87.4 of the United States District Court for the Southern District of Florida authorizes the bankruptcy court to

2

consolidate appeals. Under amended Fed.R.Bankr.P. 8003(d), appeals are now docketed in the district court when the notice of appeal is filed and the appeal is immediately assigned to a district judge. Nevertheless, pursuant to the District Court's Administrative Order 2015-9, the bankruptcy court still has authority to rule on motions described in Local rule 87.4, including motions to consolidate.

The First Appeal and Second Appeal are closely related and should be consolidated. The Order Enforcing Settlement [DE# 1351] that is part of the First Appeal found that Abrams was entitled to attorney's fees. The Fee Order [DE# 1371] subject of the Second Appeal determined the amount of the fees to be awarded pursuant to the Order Enforcing Settlement.

Therefore, it is –

**ORDERED** as follows:

1. The Motion to Consolidate Appeals is granted.

2. The Clerk is directed to transmit this Order to the district court to be docketed in both Case No. 15-CIV-22380-KMM and Case No. 15-CIV-22935-MGC. The District Court Judges will determine which Judge will hear the consolidated appeal.

###

COPIES TO:

Thomas L. Abrams, Esq.
Douglas C. Broeker, Esq.

Samuel D. Rosen
10175 Collins Ave., Apt. 502
Bal Harbour, FL  33154

4